NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001053
23-JAN-2017
12:19 PM

NO. CAAP-14-0001053

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
TANNER KEAWE AYAU, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-14-050186)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

Defendant-Appellant Tanner Keawe Ayau (Ayau) was convicted of operating a vehicle while his license was suspended or revoked for operating a vehicle under the influence of an intoxicant (OVLSR-OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-62(a) (Supp. 2013).[1] Ayau appeals from the Amended

---

[1]  HRS § 291E-62(a) provides in relevant part:

(a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

. . .

(2)  While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

Judgment entered by the District Court of the Third Circuit (District Court)[2] on August 20, 2014.

I.

On appeal, Ayau contends that: (1) the District Court failed to obtain a valid waiver of his right to testify as required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995); and (2) there was insufficient evidence to support his conviction.

II.

Plaintiff-Appellee State of Hawai'i (State) concedes that the District Court failed to obtain a valid waiver from Ayau of his right to testify as required by Tachibana. We agree with this concession as the District Court failed to determine whether Ayau understood his right to testify. Ayau did not testify, and we cannot say that the District Court's error was harmless. See State v. Hoang, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (App. 2000). Accordingly, Ayau is entitled to a new trial on the OVLSR-OVUII charge.

III.

Ayau contends that the State presented insufficient evidence to show that he acted with a reckless state of mind with respect to whether his license was revoked or suspended for operating a vehicle under the influence of an intoxicant at the time he operated his vehicle. We disagree.

A.

The State presented the following evidence at trial:

On September 28, 2013, Ayau was arrested for operating a vehicle under the influence of an intoxicant (OVUII). At that time, he was given a Notice of Administrative Revocation (Notice of Revocation), which advised him that he had a temporary permit to drive for 30 days; that within eight days of his arrest, the Administrative Driver's License Revocation Office (ADLRO) would conduct an administrative review of the Notice of Revocation and

---

[2] The Honorable Diana L. Van De Car presided.

would mail its decision to him; that if the review decision was to not revoke his license, his license would be returned to him; that if the review decision was to revoke his license, he had six days to request an administrative hearing to review that decision. The ADLRO issued a Notice of Administrative Review Decision which sustained the administrative revocation of Ayau's license and revoked his license from October 29, 2013, to October 29, 2014. The Notice of Administrative Review Decision was mailed to Ayau on October 2, 2013.

On February 19, 2014, Ayau was driving a car when he was pulled over by Officer Joseph Picadura. Officer Picadura testified at trial that Ayau was not able to produce his driver's license and told Officer Picadura that "his driver's license was taken away from a DUI in 2013." The State also introduced into evidence the citation issued by Officer Picadura to Ayau, on which Officer Picadura wrote that "[Ayau] stated he did not have his driver's license because it was taken away from a D.U.I. in September 2013." On cross-examination, Officer Picadura testified that Ayau also said that he was "in the process of getting his driver's license back." The State introduced certified government records showing that Ayau's license remained revoked on February 19, 2014, when he was cited by Officer Picadura.

B.

When viewed in the light most favorable to the State, we conclude that there was sufficient evidence to show that Ayau acted with a reckless state of mind. In other words, that he consciously disregarded a substantial and unjustifiable risk that his driver's license was revoked or suspended for OVUII when he operated his vehicle on February 19, 2014. See State v. Lioen, 106 Hawai'i 123, 131-32, 102 P.3d 367, 375-76 (App. 2004). The evidence showed that upon Ayau's arrest for OVUII on September 28, 2013, he was served with the Notice of Revocation which advised him that he had a temporary license for 30 days, that his license would be returned if it was not administratively revoked,

3

and of the procedures that would apply if his license was revoked. Ayau's license was administratively revoked for OVUII from October 29, 2013, to October 29, 2014, and his license was not returned to him. When he was stopped on February 19, 2014, Ayau did not have a driver's license, and he admitted that the reason he did have a license was that it had been taken away because of his "D.U.I. in September 2013." Ayau also told Officer Picadura that he was "in the process of getting his driver's license back." A reasonable inference that could be drawn from this statement is that Ayau knew his license remained revoked, that is, his statement of being in the process of getting his license back meant that he knew the process of his license being reinstated had not been completed. Under these circumstances, we conclude that the State presented sufficient evidence that Ayau acted with a reckless state of mind to support his OVLSR-OVUII conviction.

IV.

Based on the foregoing, we vacate the District Court's Amended Judgment, and we remand the case for a new trial on the OVLSR-OVUII charge.

DATED: Honolulu, Hawai'i, January 23, 2017.

On the briefs:

Elika O. Stimpson
Deputy Public Defender
for Defendant-Appellant

Jason R. Kwiat
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4